# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

KENNETH NEILSON,

    Plaintiff,

vs.                                                                                      Civ. No. 05-0016 MV/DJS

THE HERTZ CORPORATION,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Remand, filed January 20, 2005, **[Doc. No. 3]**. The Court, having considered the motion, briefs, relevant law and being otherwise fully informed, finds that the motion is well-taken and will be **GRANTED.**

## FACTUAL BACKGROUND

On October 12, 2004, Plaintiff filed a complaint against Defendant in New Mexico District Court alleging, in part, that he was subjected to a hostile work environment and that he was retaliated against for complaining about gender discrimination and a hostile work environment. Plaintiff seeks compensatory damages, including back pay and front pay, as well as punitive damages, and attorney's fees.[1] Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Plaintiff now seeks to remand the case back to state court on the ground that Defendant has failed to establish the requisite amount in controversy.

---

[1] While the Complaint did not specify the amount of damages sought, pursuant to Second Judicial Local Rule LR2-603, Plaintiff certified that he sought relief in excess of $25,000 exclusive of punitive damages, interest, costs and attorneys' fees. *See* Plaintiff's Certification Regarding Arbitration Under Local Rule LR-2-603, attached to Defendant's Notice of Removal [Doc. No. 1].

Any civil case filed in state court may be removed by a defendant to federal court if the case could have been brought originally in federal court. 28 U.S.C. § 1441(a). A removing defendant has the burden of proving the existence of federal jurisdiction. In this case, Defendant alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) due to diversity of the parties and an amount in controversy greater than $75,000.[2] Plaintiff does not contest that the dispute is between citizens of different states. Plaintiff, however, does contest Defendant's assertion that the jurisdictional amount in controversy exists.

In *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), the Supreme Court held that in a diversity action originally filed in federal court the amount claimed in good faith by a plaintiff controls jurisdiction unless it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury*, 303 U.S. at 288-290. But a suit originally filed in state court and thereafter removed to federal court presents a different situation. *Id*. at 290, 58 S.Ct. 586. In such a case, a presumption exists against removal jurisdiction, *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), and the court must resolve all doubts against removal, *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982).

Because of the presumption against removal jurisdiction, the burden is on the party requesting removal to establish that the amount in controversy exceeds $75,000. *See State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1271 (10th Cir. 1998) (placing burden of proving jurisdiction on the party asserting it). Where the complaint on its face alleges damages in excess

---

[2] 28 U.S.C. § 1332 (a) provides that district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

of $75,000, that normally ends the inquiry and a federal court must exercise jurisdiction. *See* 14C Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 3725 at 73 (3d ed.1998). Where, as here, the complaint fails to specify damages, courts have differed on what burden of proof a removing defendant must bear in demonstrating that the amount in controversy exceeds $75,000.[3]  Most circuit courts, however, require that a defendant establish the jurisdictional amount by a preponderance of the evidence. *See, e.g., United Food & Commercial Workers Union, Local 919 v. CenterMark Prop. Meridan Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)*; St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gafford v. General Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)*; Singer v. State Farm Mut. Auto. Ins., Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936) (party asserting jurisdiction must prove jurisdictional prerequisites by a preponderance of evidence).

Although the Tenth Circuit has not expressly adopted the preponderance standard in these circumstances, it has stated that the requisite amount in controversy "must be *affirmatively established* on the face of either the petition or the removal notice." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (emphasis added). The italicized language requires, at a minimum, that the jurisdictional amount be shown by a preponderance of the evidence. Because, as discussed below, the Court concludes that Defendant has failed to meet this standard, it need not decide whether a more stringent standard should be applied.

---

[3] *See* 15 Moore's Federal Practice, 102.107[3] (Matthew Bender 3d ed. 1997) (citing cases applying "legal certainty," "preponderance," and "reasonable probability" standards).

The Tenth Circuit requires a removing defendant in this situation to establish the requisite amount in controversy and the existence of diversity on the face of the removal notice. *Laughlin,* 50 F.3d at 873 ("amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by the allegations in the notice of removal. The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [the jurisdictional amount]."). "In other words, a removing defendant must set forth specific facts [in the removal notice] which form the basis of its belief that there is more than [$75,000] at issue in the case." *Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N. D. Okla. 1996).

In its Notice of Removal, Defendant states that:

Plaintiff's claimed damages exceed the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional minimum established by 28 U.S.C. § 1332, exclusive of interest and costs. In this regard, at the time of Plaintiff's termination his total annual compensation was $81,147.00. Plaintiff was terminated on February 11, 2004. Consequently, because Plaintiff seeks back pay, front pay, as well as compensatory damages for emotional distress, there is an amount in controversy of at least one full year of compensation, which is in excess of the $75,000.00 jurisdictional minimum.

Defendant's assertion that Plaintiff's salary was in excess of $75,000.00 per year and that Plaintiff was terminated nearly a year prior does not establish by a preponderance of the evidence that "there is an amount in controversy of at least one full year of compensation, which is in excess of the $75,000.00 jurisdictional minimum." Under New Mexico law, a court must mitigate damages if there is evidence supporting such a determination. *See Vigil v. Arzola*, 102 N.M. 682, 689, 699 P.2d 613 (Ct.App. 1983), *rev'd on other grounds*, 101 N.M. 687, 687 P.2d 1038 (1984), *overruled on other grounds*, *Chavez v. Manville Prod. Corp.*, 108 N.M. 643, 777 P.2d

371 (1989). If a terminated employee obtains other employment, the earnings from the new employment must be offset against an award of back pay. Therefore, the amount of a plaintiff's former salary multiplied by the time period since the termination does not necessarily establish the amount of back pay at issue. In the absence of specific facts regarding Plaintiff's employment status in the year since his termination, Defendant has failed to establish that "there is an amount in controversy of at least one full year of compensation, which is in excess of the $75,000.00 jurisdictional minimum."[4]

Construing the removal statute narrowly and resolving all uncertainties in favor of remand, the Court finds that Defendant has not established by a preponderance of the evidence that Plaintiff's claims meet the amount in controversy necessary to the exercise of diversity jurisdiction.[5] Accordingly, the removal was improper and this Court is without subject matter jurisdiction.

Plaintiff seeks expenses incurred in connection with their motion to remand the case. The

---

[4] In his Motion to Remand, Plaintiff contends that he obtained a new job within two months of being terminated and that he received unemployment benefits during the two months he was unemployed. Plaintiff admits that his current job pays less than the salary he received from Defendant but contends that at the present time his lost wage damages "do not approach [$75,000.00]." These assertions, however, are not supported by an affidavit or other reliable evidence.

[5] In its response, Defendant argues that the jurisdictional amount exists because Plaintiff has refused to enter into a stipulation limiting any potential state award to less than $75,000.00. Defendant cites no case law to support its argument that failure to enter into a stipulation capping all potential damages to less than the jurisdictional minimum of federal court is sufficient to establish that the amount in controversy exceeds the jurisdictional minimum. The unwillingness of a plaintiff to sign a restrictive stipulation, standing alone, does not affirmatively establish that the amount in controversy exceeds the minimum requirement for purposes of diversity jurisdiction. *See Barber*, 935 F. Supp. at 1191. Furthermore, these facts do not appear on the face of the removal notice as required by Tenth Circuit law. *See Laughlin*, 50 F.3d at 873.

relevant statute provides that an order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). An award of expenses under this provision is within the sole discretion of the Court. Under the circumstances of this case, and in the absence of any evidence that Defendant removed this case in bad faith, the Court will not require Defendant to pay Plaintiff's costs and expenses incurred as a result of the removal.

## CONCLUSION

Defendant has failed to state sufficient facts on the face of the removal notice to support its allegation that Plaintiff's claims meet the minimum jurisdictional requirements. Thus, the Court is without subject matter jurisdiction and lacks the power to hear this matter.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand **[Doc. No. 3]** is hereby **GRANTED**. This matter is hereby remanded back to the Second Judicial District Court, Bernalillo County, State of New Mexico. The parties shall bear their own costs and expenses.

Dated this 8th day of June, 2005.

_____
MARTHA VAZQUEZ
UNITED STATES DISTRICT JUDGE